```
            UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


PURCELL BRONSON,              :   CIVIL NO. 1:05-CV-2150
                              :
      Plaintiff               :   (Judge Caputo)
                              :
   v.                         :   (Magistrate Judge Smyser)
                              :
DAVID G. WHITE, DDS;          :
ROBERT J. MARSH; and          :
DAVID E. PATTON,              :
                              :
      Defendants              :
```

## REPORT AND RECOMMENDATION

The plaintiff, a prisoner proceeding *pro se*, commenced this action by filing a complaint on October 21, 2005. The defendants are a dentist, a deputy superintendent and a unit manager at the State Correctional Institution at Camp Hill (SCI-Camp Hill). The plaintiff claims that the defendants violated the Eighth Amendment of the United States Constitution and state law by denying him dentures and dental floss.

On September 14, 2006, the defendants filed an answer to the complaint.

On March 8, 2007, the defendants filed a motion for summary judgment.  That motion has been briefed, is ripe for decision and is addressed in this Report and Recommendation.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, though the non-moving party must make a showing sufficient to establish the existence of each element of his case on which he will bear the burden of proof at trial." *Huang v. BP Amoco Corp.*, 271 F.3d 560, 564 (3d Cir. 2001); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

"A factual dispute is material if it bears on an essential element of the plaintiff's claim, and is genuine if a reasonable jury could find in favor of the nonmoving party." *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 580 (3d Cir. 2003). In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). "Our function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Federal Home Loan Mortgage Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 443 (3d Cir. 2003).

Unless noted otherwise, the following facts are not in dispute.

At all times material hereto, the plaintiff was an inmate incarcerated in the Special Management Unit (SMU) at SCI-Camp Hill, defendant White was a dentist employed by the Pennsylvania Department of Corrections at SCI-Camp Hill,

defendant Marsh was employed as the Unit Manager of the SMU at SCI-Camp Hill, and defendant Patton was employed as the Deputy Superintendent for Centralized Services at SCI-Camp Hill. *Defendants' Statement of Material Facts at ¶¶1&2 and the Plaintiff's Response to Defendants' Statement of Material Facts at ¶¶1 & 2.*[1]

On June 23, 2004, the plaintiff was transferred from the State Correctional Institution at Fayette (SCI-Fayette) to the SMU at SCI-Camp Hill. *Id. at ¶3.* Prior to being housed at SCI-Fayette, the plaintiff was housed at the State Correctional Institution at Pittsburgh (SCI-Pittsburgh). *Id.* While at SCI-Pittsburgh, the plaintiff saw a dentist approximately twice a year and the dental staff there told the plaintiff that his teeth were going bad due to improper care. *Id.* They also told him that he should floss and brush his teeth more often. *Id.* However, the plaintiff did not

---

[1] We note that although the plaintiff has denied certain paragraphs of the defendants' statement of material facts he has not pointed to record evidence to support such denials. Pursuant to Local Rule 56.1, the material facts set forth in the defendants' statement of material facts are deemed to be admitted.

4

have any cavities while at SCI-Pittsburgh. *Id. at* ¶4.  The plaintiff was not permitted to have dental floss while in the Restricted Housing Unit at SCI-Pittsburgh. *Id. at* ¶3.

The plaintiff was only at SCI-Fayette for six months. *Id. at* ¶4.  While there, he was given a toothbrush. *Id.*  The plaintiff was not allowed dental floss at SCI-Fayette. *Id.*

When the plaintiff arrived in the SMU, he received a toothbrush with a short handle. *Id. at* ¶5.  He used the toothbrush to brush his teeth approximately twice a day. *Id.*

As part of his duties as the dentist at SCI-Camp Hill, defendant White is familiar with the plaintiff, who was housed in the SMU at SCI-Camp Hill from June 23, 2004 until October 13, 2006. *Id. at* ¶15.  Defendant White has examined and treated the plaintiff on a number of occasions since his arrival at SCI-Camp Hill. *Id. at* ¶16.

On February 16, 2005, defendant White saw the plaintiff and diagnosed him with periodontal abscess and generalized

5

moderate periodontitis. *Id. at ¶17.* Periodontal disease is a disease of the area surrounding the teeth including the gums. *Id.* The gums become inflamed due to the buildup of plaque. *Id.* It is normally the result of poor dental hygiene, such as lack of regular brushing and flossing. *Id.* Defendant White prescribed penicillin for the plaintiff and advised him to brush and floss when floss was available to him in order to slow down the periodontal disease. *Id.*

On subsequent visits, defendant White noted that the swelling in the plaintiff's gums had subsided. *Id. at ¶18.* This was due in part to improved dental hygiene on the plaintiff's part. *Id.*

On December 9, 2005, defendant White saw the plaintiff again. *Id. at ¶19.* At that time, the plaintiff stated that nothing was bothering him right now but that he wanted dentures. *Id.* Defendant White advised the plaintiff that he was not eligible for dentures under Department of Corrections policy. *Id.* Defendant White further advised the plaintiff that it was White's opinion that dentures would not improve

6

the plaintiff's periodontal disease but that, in his experience, dentures tend to worsen periodontal disease. *Id. at ¶20.* On the other hand, chewing stimulates the gums and is good for them. *Id.*

The plaintiff believes that he needs dentures, because he is missing two teeth on the right side of this mouth. *Id. at ¶6.* The plaintiff believes that dentures would relieve stress on the left side of his mouth. *Id. at ¶8.* Defendant White has informed the plaintiff that he is not a proper candidate for dentures. *Id. at ¶11.* He told the plaintiff that he did not meet the criteria for dentures and that he had to have a certain number of teeth missing and in a certain arrangement. *Id.* The dentist at SCI-Pittsburgh had told the plaintiff the same thing. *Id.* Defendant White also told the plaintiff that the dentures could aggravate his gums. *Id.* No dentist has told the plaintiff that he needs or should have dentures. *Id. at ¶¶6 &amp; 8.*

In his capacity as the former SMU Unit Manager, defendant Marsh was responsible for unit security and

7

treatment programs within the SMU. *Id. at ¶25.* The SMU is a specialized housing unit within SCI-Camp Hill which houses disruptive and violent inmates during their incarceration. *Id.* The SMU houses both Administrative Custody (AC) and Disciplinary Custody (DC) inmates. *Id.*

The SMU consists of five phases or levels. *Id. at ¶26.* All inmates entering the SMU who have DC sanctions levied by a hearing examiner start out at Phase V, which is the most restrictive custody level. *Id.* Inmates received on AC status start in Phase IV. *Id.* Long Term Segregation Unit (LTSU) graduates begin on Phase III. *Id.* Depending on his behavior, an inmate can progress out of his initial reception phase to less restrictive phases. *Id.* There are restrictions on privileges and possession of property in the SMU. *Id.* As an inmate progresses through the phases, his access to privileges and services is increased. *Id.* The purpose of the restrictions is to modify inmate behavior. *Id.* Inmates in Phases IV and V have limited commissary privileges. *Id. at ¶27.* They are permitted to purchase only writing supplies.

8

*Id.* All SMU inmates are supplied with a modified toothbrush for their dental hygiene. *Id.*

Until recently, all SMU inmates were denied the use of dental floss for security reasons. *Id.* It was felt that dental floss could be used to fashion weapons, to garrote staff and other inmates or to interfere with locking mechanisms. *Id.* As of approximately January 2007, inmates in the SMU have been permitted to have short dental floss strips, due to a revision in Department policy. *Id.*

As part of his former duties as the SMU Unit Manager, defendant Marsh is familiar with the plaintiff. *Id. at ¶28.* The plaintiff initially started in Phase III of the SMU as an LTSU graduate. *Id.* However, he quickly received a misconduct which resulted in DC sanctions levied by the hearing examiner and his placement on Phase V. *Id.* The plaintiff then vacillated between Phases V and IV before being declared a failure of the SMU program. *Id.*

9

On or about March 20, 2005, the plaintiff submitted a request to staff member form to defendant Marsh in which he asked to be permitted to have dental floss in his cell. *Id. at* ¶29.  On April 13, 2005, defendant Marsh responded to the plaintiff's request by indicating that dental floss was a security concern and that he was not allowed to retain it in his cell in the SMU. *Id.*  This is the extent of defendant Marsh's interaction with the plaintiff on this issue. *Id. at* ¶30.

Defendant Patton is also familiar with the plaintiff. *Id. at* ¶34.  On or about July 7, 2005, the plaintiff wrote to him seeking permission to use dental floss in the SMU. *Id.* Defendant Patton declined the plaintiff's request on security grounds. *Id.*  In his reply to the plaintiff, defendant Patton wrote: "I do not approve dental items for inmates.  Dental floss is not on the approved items for the SMU. I suggest that you improve your behavior to the point that you can be released to general population." *Id.*  This was the extent of defendant Patton's involvement with the plaintiff on this issue. *Id.*

10

Defendant Patton understood that dental floss was not permitted to SMU inmates at that time for security reasons. *Id. at ¶35*. It was felt that dental floss could be used as a weapon/instrument to garrote staff, themselves, or another inmate. *Id.* In addition, the floss can be used to cause malfunctioning of electronic components such as locks on the cell doors. *Id.* SMU inmates are inmates who have been determined to be security risks prior to their placement in the SMU. *Id.*

In order for the plaintiff to establish an Eighth Amendment violation he must establish that the defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976).

The concept of serious medical need has two components, one relating to the consequences of a failure to treat and the other relating to the obviousness of those consequences. *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). The condition must be such that a failure to treat

11

can be expected to lead to substantial and unnecessary suffering, injury or death. *Id*.  Also, the condition must be one that has been diagnosed by a doctor as requiring treatment or one that is so obvious that a lay person would easily recognize the need for a doctor's attention. *Id*.

Mere medical malpractice does not give rise to a violation of the Eighth Amendment.  *White v. Napoleon*, 897 F.2d 103, 108 (3d Cir. 1990).  "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).  The Third Circuit has "found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  The

12

Third Circuit has also "found 'deliberate indifference' to exist when the prison official persists in a particular course of treatment 'in the face of resultant pain and risk of permanent injury.'" *Id.* (quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)).  Prison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates and courts will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment." *Little v. Lycoming County*, 912 F.Supp. 809, 815 (M.D.Pa. 1996)(quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)).  Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation."); *White*, *supra,* 897

13

F.2d at 110 (mere disagreement over proper treatment does not state a claim upon which relief can be granted).

Since no dentist has told the plaintiff that he needs or should have dentures, and since there is no evidence in the record of any professional opinion that the plaintiff needs dentures, the plaintiff has not established that he had a serious medical need for dentures. In light of defendant White's opinion that the plaintiff did not meet the criteria for dentures and that dentures could actually aggravate the plaintiff's gums, no reasonable trier of fact could conclude that defendant White was deliberately indifferent to the plaintiff's dental needs.

The recent change in policy to allow SMU inmates access to short pieces of dental floss indicates that there were ways to address the security concerns presented by SMU inmates' possession of dental floss. Nevertheless, given the security concerns associated with dental floss for disruptive inmates and the fact that the plaintiff had a toothbrush to maintain his dental health, we conclude that a reasonable

14

trier of fact could not conclude that the defendants' refusal to provide the plaintiff with dental floss while in the SMU amounted to deliberate indifference to his dental needs.

The defendants are entitled to summary judgment on the plaintiff's Eighth Amendment claims.

In his complaint, the plaintiff indicates that his claims are also based on state law.  The defendants have not addressed any state law claims.  However, since we will recommend that the defendants be granted summary judgment on the plaintiff's federal claims, we will also recommend that the court decline to exercise supplemental jurisdiction over the plaintiff's state law claims. 28 U.S.C. § 1367(c)(3)("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - . . . the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)(holding that when federal causes of action are dismissed, federal courts should not separately entertain pendent state claims).

15

Based on the foregoing, it is recommended that the defendants' motion (doc. 47) for summary judgment be granted, that the court decline to exercise supplemental jurisdiction over the plaintiff's state law claims and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  August 10, 2007.